UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| SHANNON WATTS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:11 CV 52 |
|  | ) |  |
| OSCAR COWEN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION and ORDER

Shannon Watts, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must contain enough factual matter to state a claim for relief that is plausible on its face and to raise the right to relief above the speculative level. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, on or about December 17, 2009, Starke County Sheriff Oscar Cowen had Watts and four other pretrial detainees at the Starke County Jail placed in a "drunk tank area," where they were kept for 10 days. (DE # 1 at 3.) Watts claims that the room was dirty, had "absolutely no light," and had no mattresses to sleep on. He further claims that he and the other detainees were given only one bar of soap and one toothbrush to share between them during this period. Watts claims that he complained about the conditions to Sheriff Cowen, who responded, "F--k you, you little bastards, you can rot in there." (*Id.* at 4.) Watts claims that as a result of the "extreme amount of filth" in which he was housed, he contracted some type of infection that required medication. (*Id.*) He further asserts that due to the total darkness in the room, he had difficulty eating and lost 15 pounds during the 10-day period, and also developed emotional problems that necessitated therapy.

Because Watts was a pretrial detainee at the time of these events, the Fourteenth rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). However, the standards that apply are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong inquires whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does

not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to be provided with adequate food, light, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Conditions of confinement may establish an Eighth Amendment violation in combination even when each condition alone would not satisfy the standard. *Gillis*, 468 F.3d at 493.

If the conditions pass the objective inquiry, the court then must determine whether the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference is a high standard. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

Here, Watts alleges that he was denied adequate bedding, hygiene items, light, and sanitation during a 10-day period. As a result of the conditions in which he was housed, Watts alleges that he developed an infection, lost 15 pounds, and suffered emotional problems that were severe enough to require therapy. Giving Watts the inferences to which he is entitled at this stage, he satisfies the objective prong. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (inadequate bedding constituted

3

denial of civilized measure of life's necessities); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995) (inmate stated Eighth Amendment claim based on inadequate heat, clothing, and bedding); *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (prisoner stated Eighth Amendment claim where he was held in a filthy cell that lacked adequate heating and contained inadequate bedding).

With respect to the subjective prong, Watts alleges that he made the sheriff aware of these conditions, but the sheriff did nothing to remedy them. Instead, he allegedly cursed at Watts and told him he and the other detainees could "rot in there." (DE # 1 at 4.) Although deliberate indifference is a high standard, giving Watts the inferences to which he is entitled at this stage, he has stated enough to proceed on a claim against the sheriff. *See Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (inmate who complained about severe deprivations but was ignored established a "prototypical case of deliberate indifference").

For these reasons, the court:

(1) **GRANTS** Shannon Watts leave to proceed on a Fourteenth Amendment claim against Oscar Cowen in his individual capacity for monetary damages for depriving Watts of adequate bedding, light, hygiene items, and sanitation at the Starke County Jail during a 10-day period beginning on or around December 17, 2009;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Oscar Cowen; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Oscar Cowen respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

Date: April 11, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT